

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN PORTILLO, PRO SE, | § | |
| TDCJ-CID No. 1185391, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0032 |
| | § | |
| UNNAMED DEFENDANTS, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff MARTIN PORTILLO initially filed a lawsuit, Cause No. 5-06-CV-1083, in the Western District of Texas, San Antonio Division. The case was received on January 24, 2007 by transfer to the United States District Court for the Northern District of Texas, Amarillo Division, and was opened as Cause No. 2:07-CV-0013. By Order issued February 22, 2007, plaintiff's claim against defendant UNNAMED DEFENDANTS was severed from Cause No. 2:07-CV-0013 and filed as Cause No. 2:07-CV-0032.

Plaintiff MARTIN PORTILLO, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis[1].

By his complaint, in the hand printed section titled "Relife," plaintiff states:

> I want to report an excessive denial of recreation in which we
> received only 2 hrs. within 30 days, and are still being denied

---

[1] Permission was granted by the U.S. District Court for the Western District of Texas, San Antonio Division, before the transfer to this Court.

> excessively which deprives us of life neccessitys [sic] such as
> privacy and no exercise. I request a class action.

Plaintiff has not submitted any motion asserting a request for class action status nor has he referenced that request in any other pleading and has not stated how such class would be defined. It appears he has abandoned any request for class action status.

By his March 20, 2008 response to the Court's Questionnaire, plaintiff informs the Court recreation was cancelled indefinitely on January 26, 2007 and one week later, he and the rest of the inmates in his pod were put on a 34 day lockdown due to an annual shakedown. Plaintiff says he was not allowed recreation for a week after the expiration of the shakedown, at which time the rules were altered to allow recreation only 2 or 3 days a week.

Plaintiff claims the failure to allow him two hours of recreation each day resulted in weight gain, trouble with cholesterol and high blood pressure, and general muscle soreness on the days he did receive recreation.

Plaintiff requests an award of monetary relief[2].

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[3], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will

---

[2] Plaintiff also requested a disciplinary case be overturned and his mandatory supervision be reinstated; however, that relief appears to relate to the claims which were severed into another cause number.

[3] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[4].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

A prisoner asserting a claim that conditions of confinement constitute cruel and unusual punishment must show deliberate indifference on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The appropriate definition of "deliberate indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994). In this regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979.

While there is no static test to determine whether conditions of confinement are cruel and unusual, punishment rises to the level of an Eighth Amendment violation only if it involves an "'unnecessary and wanton infliction of pain.'" *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir.

---

[4] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

1998)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(*Estelle* quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). The Fifth Circuit has held an extended deprivation of exercise opportunities might, in some circumstances, violate an inmate's Eighth Amendment Rights. *Green v. Ferrell*, 801 F.2d 765, 771-72 (5th Cir. 1986).

Here, plaintiff makes clear that by "recreation" he means "time outside the cell to get fresh air and sunshine[5]." The Court notes a lockdown is an infrequent, but not uncommon , occurrence in the life of a prison inmate, even one lasting a month. Plaintiff has not alleged he was unable to exercise in his cell, simply that he was not allowed two hours per day to recreate outside. Further, plaintiff has not identified any of the defendant(s) responsible for the decision to place the pod on a 34 day lockdown or for the remaining two and a half week suspension of recreation. He names some low-ranking officers who worked on the pod, saying they were ill-tempered or yelled at inmates, but does not indicate any of these people actually made the lockdown decision or the decision to suspend recreation.

Plaintiff has not alleged a total deprivation of exercise opportunities, but only the denial of outdoor recreation opportunities, and that for a period less than two months. While plaintiff also complains recreation opportunities were then reduced to only two or three times a week, he has not alleged any fact showing the resulting four to six hours of outdoor recreation each week is not sufficient to satisfy the Constitutional minima. Plaintiff's allegations are insufficient to establish an Eighth Amendment violation.

---

[5]See plaintiff's March 28, 2008 response to question no. 9 of the Court's June 22, 2007 Briefing Order Questionnaire.

Plaintiff has failed to present allegations which cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has failed to state an Equal Protection claim against defendant BROWN.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983 by plaintiff MARTIN PORTILLO be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of March 2009.

*/s/ Clinton E. Averitte*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly

above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).