IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN PORTILLO, PRO SE, <br> TDCJ-CID No. 1185391, <br><br> Plaintiff, <br><br> v. <br><br> UNNAMED DEFENDANTS, <br><br> Defendant. | § § § § § § § § § § § | 2:07-CV-0032 |

### FINDING OF FACT ON REMAND

The instant cause was remanded on November 17, 2009 to this Court for a determination of whether plaintiff delivered the notice of appeal in this cause to prison officials on or before May 28, 2009. Final judgment was entered April 28, 2009. Plaintiff's pro se notice of appeal is undated; the envelope in which it was mailed is post-marked June 15, 2009; and it is file-stamped as of June 16, 2009.

On December 4, 2009, the Court issued an Order to Submit Documentation requiring the Attorney General, acting as Amicus Curiae, to produce the TDCJ-CID mail log from the Clements Unit showing outgoing legal mail for the period of April 28, 2009 through June 16, 2009, highlighting the entries pertaining to plaintiff. Plaintiff was ordered to produce to the Court his Affidavit along with any and all supporting documents or copies showing the mailing of his notice of appeal in this cause.

No responsive pleading has been filed by plaintiff, and he has presented no evidence concerning the date on which his Notice of Appeal was mailed.

On January 12, 2009, pursuant to the Court's Order, the Amicus Curiae filed a copy of the Clements Unit Outgoing Legal Mail Log for the period from April 28, 2009 through June 16, 2009.

The Clements Unit mail log shows four items of outgoing mail to the United States District Court for the Northern District of Texas, Amarillo Division, during the relevant period. Such mail was processed by the unit mail room and logged as follows: one item on May 5, 2009; one item on June 2, 2009; and two items on June 15, 2009.

Review of the dockets in cause nos. 2:07-CV-0031 and 2:07-CV-0032 reveal nothing received by the Court in either of those cause numbers which would correspond with the items logged and processed on May 5th and June 2nd; however, review of plaintiff's habeas action cause no. 2:07-CV-0016, reveals a motion for extension from plaintiff filed May 6th, the envelope of which shows it was processed May 5, 2009; and a Notice of Appeal filed June 3rd, the envelope of which shows it was processed June 2, 2009.

The only remaining items of mail sent to this Court during the relevant period are the two which were processed and logged on June 15, 2009.

The envelope containing plaintiff's Notice of Appeal in the instant cause shows it was processed on June 15, 2009.

Based upon all of the above, the Magistrate Judge makes the following **FINDING OF FACT** for presentation to the United States District Judge:

**Plaintiff deposited his Notice of Appeal into the internal mail system of the Clements Unit on or about June 15, 2009.**

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___19th___ day of January, 2010.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).